**IN THE COURT OF APPEALS OF IOWA**

No. 17-1848
Filed March 21, 2018

**IN THE INTEREST OF P.C. and R.C.,**
**Minor Children,**

**E.C., Father,**
    Appellant.

_____

Appeal from the Iowa District Court for Polk County, Rachael E. Frideres

Seymour, District Associate Judge.

A father appeals the termination of his parental rights to two children, born

in 2005 and 2006. **AFFIRMED.**

Lucas M. Taylor of Law Offices of Mark Hinshaw, West Des Moines, for

appellant father.

Thomas J. Miller, Attorney General, and Anagha Dixit, Assistant Attorney

General, for appellee State.

Erin E. Mayfield of Youth Law Center, Des Moines, guardian ad litem for

minor children.

Considered by Danilson, C.J., and Vaitheswaran and Bower, JJ.

**VAITHESWARAN, Judge.**

A father appeals the termination of his parental rights to two children, born in 2005 and 2006. He contends the record lacks clear and convincing evidence to support the ground for termination cited by the district court. The court relied on Iowa Code section 232.116(1)(f) (2016), which requires proof of several elements including proof the children could not be returned to the parent's care.

The family came to the attention of the department of human services based on housing and domestic violence concerns. The district court adjudicated the children in need of assistance but left them in the mother's care, in light of the father's move from the house. Later, the district court modified the order and transferred the children from the mother's custody to the custody of the department. The court based the decision in part on the continued unsafe conditions in the home and "unresolved domestic violence issues between the parents."

Those domestic violence issues were reported by the mother's oldest child, who said he had watched the father beat his mother for years. He said at times he had to punch the father to get him to stop. The mother confirmed the history of domestic violence, including an incident in which the father grabbed her by her hair and threw her in the front yard. She indicated the father still stayed at the home on occasion and continued to abuse her. Notably, the father initially acknowledged violence in the relationship but asserted it was mutual.

In time, the court granted the parents a three-month extension to facilitate reunification with the children. During the extension period, the State petitioned to terminate the parents' rights.

At the termination hearing, the father denied subjecting the mother to physical abuse and specifically denied grabbing her by the hair.  He asserted the mother was the one who perpetrated abuse, causing him financial and emotional trauma.

The district court did not believe the father.  The court found he chose "to selectively report issues of domestic violence to his own therapist, even though he knew he needed to address domestic violence before the children could be safely returned to his custody."

The court's adverse credibility determination finds support in the testimony of the father's therapist.  Until the day of the termination hearing, she was unaware the department viewed the father rather than the mother as the perpetrator of the abuse.  During her eleven sessions with the father, she testified the father never mentioned abuse inflicted by him but only abuse inflicted on him.  She spent two sessions addressing domestic violence in this context.  She did not create a safety plan because the father denied an ongoing relationship with the mother.

A service provider confirmed ongoing contact between the mother and father.  She also described speaking to the father about the importance of addressing domestic violence.  According to her, he did not understand the significance.

The department social worker overseeing the case concurred in the father's need to address violence in the relationship.  While she acknowledged domestic abuse classes were unavailable to individuals who had not been convicted of a crime, she pointed to the availability of therapy and expressed concern about the short time the father spent addressing the issue with his therapist.

The district court determined the father failed to participate "in any services to meaningfully address domestic violence issues" and failed to take "accountability for [his] behaviors." We concur in this assessment. On our de novo review, we conclude the children could not be returned to the father's custody and termination was warranted under Iowa Code section 232.116(1)(f).

**AFFIRMED.**